OPINION
{¶ 1} David Walker appeals from the trial court's order requiring him to rid his property of bears that he kept there and forbidding him to have bears on his property.
 {¶ 2} He advances two assignments of error.
 I. {¶ 3} "1. The procedural methods implemented by the trial court in issuing the order violates due process and is an abuse of discretion."
 {¶ 4} Walker was placed on probation in late 2003 after being found guilty of fourth degree misdemeanor failure to confine a dog. A thirty-day jail sentence was imposed and suspended on certain conditions. The order requiring him to remove his bears from his property was an additional condition of probation, entered ex parte without prior notice to Walker on February 17, 2004.
 {¶ 5} Walker contends that the order violated his rights to Due Process and his rights under Crim. R. 32.3(A) and 43(A). We agree with the State that Crim. R. 32.3(A), by its terms, does not apply. We would also be inclined to agree with the State that Crim. R. 43(A) does not apply because the trial court's ex parte order does not come within the language of the rule, which states in pertinent part:
 {¶ 6} "The Defendant shall be present at the arraignment and every stage of the trial including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."
 {¶ 7} However, the Eighth District Court of Appeals has held that the physical presence of the defendant is required where the trial court imposes an additional condition of probation. We think this is a salutary interpretation of the rule and is in keeping with due process, which normally requires notice and an opportunity to be heard before a court takes action restricting the liberty of an individual. Although the ex parte order was hand delivered to Walker, he had no prior opportunity to be heard.
 {¶ 8} That said, we think that exigent circumstances may excuse what due process and Civ. R. 43(A) would otherwise require. The court's ex parte order expresses such exigency:
 {¶ 9} "This cause comes before the Court for review, there having been an incident on February 16, 2004, in the early morning hours, in which three of the bears housed by the Defendant on his property were loose and in the roadway and had to be corralled by law enforcement officers and others.
 {¶ 10} "This Court has previously registered its concern about these animals, and the Court has in fact previously ordered that the Defendant have no other animals on his property for five years other than two dogs originally permitted in this case. The Court stayed that order pending successful completion of probation by the Defendant.
 {¶ 11} "This Court has long been concerned about the housing of these animals on the property. Apparently, if the fence surrounding these bears is breached, there is no alarm system and appears to be no back-up generator system for any electrical fencing.
 {¶ 12} "The Court notes that the Defendant has previously been ordered to pay fines and costs, which he has not paid, and the Court further notes that the Defendant has testified at proceedings in this Court that he rents this property and does not own it.
 {¶ 13} "This Court is of the opinion that the Defendant does not have proper safety precautions to house these bears in an area as residentially populated as the one in which he lives. The Defendant apparently has insufficient safeguards in the event the animals breach the fence around them, and the Court notes that these animals are large, strong bears, probably capable of rendering the cyclone fencing surrounding inoperable.
 {¶ 14} "Given the Defendant's failure to pay the money that he owes this Court, the Court also questions whether the Defendant can afford to adequately secure these animals. The Court notes that the Defendant has not given the Court information about stabile employment, despite the Court's request to do so.
 {¶ 15} "A Court is given broad latitude by Ohio Revised Code Section 2951.02 in the interest of doing justice, when dealing with probation officers. One of the things that the Court is supposed to consider at sentencing is the potential for serious harm to persons or property. In the instant case, the Court finds that these bears are not properly contained and that they are a danger to those persons residing in the surrounding area. The Court has attempted in the past to impress upon the Defendant the need to properly confine these bears, and the Defendant has a substantial history of failing to confine his other animals.
 {¶ 16} "In light of the recent incident where the animals were loose, this Court hereby orders the Defendant to clear all of the bears off his property within 14 days, as they will no longer be permitted to be there by the Court.
 {¶ 17} "IT IS SO ORDERED." {¶ 18} On March 11, 2004, the trial court conducted what it described as "a follow-up hearing" on the seizure of the bears. A transcript of that hearing, twenty-five pages in length, was filed with this court December 16, 2004. During that hearing, the trial court afforded Walker and his counsel an opportunity to speak, and discussed its expectations of Walker should he wish to regain possession of the bears. We are satisfied that Walker — given the circumstances — was afforded due process.
 {¶ 19} The first assignment is overruled.
 II. {¶ 20} "2. The trial court abused it's [SIC] discretion when it ordered, as a condition of probation, appellant to remove his bears from his residence."
 {¶ 21} Walker first contends under this assignment that the court's order that he remove the bears from his property cannot pass muster under the three prong test of State v. Jones
(1990), 49 Ohio St.3d 51, 53:
 {¶ 22} "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."
 {¶ 23} We disagree. Walker has demonstrated difficulty keeping the animals on his property restrained. The removal order ought to impress upon him that keeping his animals confined is a responsibility he must take seriously. (Prong 1). Although the escapees this time are bears and not dogs, the problem is the same. Animals that must be confined are getting loose. The removal order is certainly related to the failure to confine a dog offense for which Walker is on probation. (Prong 2). Finally, future criminality is a genuine possibility, if not a probability, should the bears again leave home. The State suggests disorderly conduct and failure to report the escape of certain animals as possible offenses which the order might prevent. We can imagine disorderly conduct as proscribed by R.C. 2917.11(A)(4)(5) and failure to report as required by R.C. 2927.21(A) as possibilities should Walker retain the bears. (Prong 3).
 {¶ 24} Walker also contends that the removal order is too vague to fairly inform him what conduct is prohibited. We again disagree.
 {¶ 25} The last paragraph of the ex parte order, quoted above, provides fair notice to Walker. Walker is to remove all bears from his property within fourteen days. The court will not permit bears on the premises.
 {¶ 26} Walker poses a number of hypothetical situations about which the order provides no guidance. He should take these issues up with the trial court and/or his probation officer if he truly needs guidance. There is, however, no basis for reversal of the order on account of vagueness.
 {¶ 27} The second assignment is overruled.
 III. {¶ 28} The judgment will be affirmed.
Fain, P.J. and Young, J., concur.